IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,  ) | |
| ) | |
| Plaintiff,  ) | |
| )  | **ORDER** |
| vs.  ) | |
| ) | |
| Delmar Wilson,  ) | Case No. 1:21-cr-237 |
| ) | |
| Defendant.  ) | |

Defendant was sentenced on March 9, 2023, and remains in custody of the United States Marshals Service while awaiting designation to a Bureau of Prisons facility. (Doc. Nos. 46 and 48). On April 6, 2023, he filed a motion for furlough. (Doc. No. 50). He requests to be temporarily released on April 7, 2023, to attend his sister's funeral in Twin Buttes, North Dakota.

Once a sentence is imposed, the Court's ability to modify it is extremely limited. See 18 U.S.C. § 3582(c); see e.g., United States v. Smith, 464 F. Supp. 3d 1009, 1013 (N.D. Iowa 2020); United States v. Padilla, No. CR 09-3598 JB, 2012 WL 2175749, at *2 (D.N.M. May 31, 2012).

18 U.S.C. § 3582 provides in relevant part that the court may not modify a term of imprisonment once it has been imposed except that

(1) in any case–

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...;

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission ....

18 U.S.C. § 3582(c).

Fed R. Crim. P. 35 provides only two means for modifying a sentence: (1) correcting a arithmetical, technical, or other clear error within 14 days of sentencing; and (2) reducing a sentence for substantial assistance.

None of the § 3582 exceptions are applicable in the instant case. Moreover, neither of the situations contemplated under Fed R. Crim. P. 35 are present. The Court has sentenced Defendant. While it sympathizes with Defendant and his family, it is now without jurisdiction to modify Defendant's conditions of confinement to grant his request for a furlough. See e.g., United States v. Padilla, No. CR 09-3598 JB, 2012 WL 2175749, at *2 ("After a court has pronounced its sentence, a federal prisoner must address his requests regarding his confinement to the BOP or file a habeas petition, because the writ of habeas corpus is the sole remedy for a prisoner challenging the fact or duration of confinement."); cf. United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996) (opining that "18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts); 18 U.S.C. § 3622(a)(2) ("The Bureau of Prisons may release a prisoner from ... imprisonment for a limited period . . . to visit a designated place for a period not to exceed thirty days . . . for the purpose of . . . attending a funeral of a relative."); 28 C.F.R. 570.31(b)(2). Defendant's motion (Doc. No. 50) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2023.

                                              /s/ Clare R. Hochhalter
                                              Clare R. Hochhalter, Magistrate Judge
                                              United States District Court