IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA, | 1:21-cr-00237-DMT |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR REDUCTION IN SENTENCE UNDER AMENDMENT 821, PART A TO THE UNITED STATES SENTENCING GUIDELINES |
| DELMAR WILSON, | |
| Defendant. | |

Delmar Wilson, through counsel, moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines § 1B1.10, and Part A of Amendment 821 to the United States Sentencing Guidelines.

For the reasons set forth below, Wilson respectfully requests a reduced sentence of no more than 41 months under Part A of Amendment 821:

| | **Original Guidelines** | **Amended Guidelines** |
|---|---|---|
| **Total Offense Level** | 16 | 16 |
| **Criminal history points (before status points)** | 3 | 3 |
| **Status points** | +2 | +0 |
| **Total criminal history points** | 5 | 3 |
| **Criminal History Category** | III | II |
| **Guideline Range** | 27 to 33 months | 24 to 30 months |
| **Sentence** | **Count 1:** 30 months **Count 3:** 15 months **Total sentence:** 45 months | **Total sentence:** 41 months (requested) |

## BACKGROUND

On March 9, 2023, Wilson was sentenced to consecutive sentences of 30 months in custody for assault of a federal officer in violation of 18 U.S.C. § 111 (Count 1) and 15 months in custody for assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (Count 3), for a total sentence of 45 months in custody. Doc. 48. Wilson is currently serving that sentence. His current estimated release date is July 8, 2025. *See* https://www.bop.gov/inmateloc/ (Reg. No. 99066-509).

## DISCUSSION

### I. Retroactive Amendment to Status Points under USSG § 4A1.1

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o). As relevant here, the amendment eliminates the 2 criminal history "status points" for committing the federal offense while under probation, parole, or supervision, and replaces it with 1 "status point" for people with 7 or more criminal history points. People with 6 or fewer criminal history points no longer receive "status points" at all. USSG App. C, Amend. 821, Part A. The new guideline provides:

> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

USSG § 4A1.1(e).

The Court has the authority to reduce a term of imprisonment where the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Sentencing Commission designated that Amendment 821, Part A applies retroactively to people sentenced before November 1, 2023, who are currently serving a term of imprisonment. *See* USSG § 1B1.10(d). Thus, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered" because of Amendment 821, Part A, "the court may reduce the defendant's term of imprisonment." USSG § 1B1.10(a). The Court may reduce a term of imprisonment to as low as the minimum of the amended guideline range determined after applying the retroactive amendment. USSG § 1B1.10(b)(2)(A).

The Sentencing Commission implemented Part A of Amendment 821 in response to a recent study of criminal history that showed that while the criminal history calculation under the guidelines is strongly associated with the likelihood of future recidivism, "status points add little to the overall predictive value associated with the criminal history score." USSG App. C, Amend. 821, Reason for Amendment. "The Commission's recent research suggests that 'status points' improve the predictive value of the criminal history score less than the original

3

Commission may have expected," meaning they do not help assess whether or not a person will reoffend as much as previously thought. *Id.* "The Commission concluded that accounting for status on a more limited basis continues to serve the broader purposes of sentencing . . . ." *Id.* A reduced sentence under Part A of Amendment 821 is consistent with the aims of 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(a)(2)(C) (in crafting sentence, courts should consider, among other factors, "the need for the sentence imposed[] to protect the public from further crimes of the defendant").

II. **Application of Amendment 821, Part A**

Amendment 821, Part A lowers Wilson's applicable guideline range. Wilson's original and amended guideline ranges are calculated as follows:

| | **Original Guidelines** | **Amended Guidelines** |
|---|---|---|
| **Total Offense Level** | 16 | 16 |
| **Criminal history points (before status points)** | 3 | 3 |
| **Status points** | +2 | +0 |
| **Total criminal history points** | 5 | 3 |
| **Criminal History Category** | III | II |
| **Guideline Range** | 27 to 33 months | 24 to 30 months |
| **Sentence** | **Count 1:** 30 months **Count 3:** 15 months **Total sentence:** 45 months | **Total sentence:** 41 months (requested) |

*See* PSR ¶¶ 24, 42-44, 64; Doc. 48; USSG § 4A1.1(e).

Wilson's original guideline range was 27 to 33 months. PSR ¶ 64. The Court imposed a total sentence of 45 months, which was approximately 36 percent above the top of the then-applicable guideline range. Wilson thus requests a total sentence

4

of no more than 41 months, which is 36 percent above the top of the amended guideline range. Wilson respectfully submits that to achieve this sentence, the Court could impose 41 months on each count, to run concurrently, or 28 months on Count 1 and 13 months on Count 3, to run consecutively, for a total sentence of 41 months in custody.

## CONCLUSION

For these reasons, Wilson respectfully asks that the Court reduce his total sentence of imprisonment to no more than 41 months.

Dated this 29th day of April, 2024.

    Respectfully submitted,

    JASON J. TUPMAN
    Federal Public Defender
    By:

    /s/   Molly C. Quinn
    Molly C. Quinn, Chief Appellate Attorney
    Attorney for Defendant
    Office of the Federal Public Defender
    Districts of South Dakota and North Dakota
    101 South Main Avenue, Suite 400
    Sioux Falls, SD 57104
    Phone: (605) 330-4489; Fax: (605) 330-4499
    filinguser_SDND@fd.org